OPINION
{¶ 1} Appellant Brenda Borst appeals from an order of the juvenile court that granted her access to some medical records of the juvenile who is the subject of this abuse and dependency action, but denying her access to records maintained by the Greene County Children Services Board. Borst argues that the trial court either abused its discretion or misconstrued the law when it denied her access to the CSB records.
 {¶ 2} By agreed order, the trial court undertook to review certain records in camera, including the CSB records, and then "selectively release records as it deems appropriate, balancing the confidential nature of the information with the need for the parties to evaluate all evidence relating to the best interests of the minor." There is nothing in the record to establish that the trial court failed in this undertaking. Any argument that Borst had a legal right to discovery in excess of the discovery contemplated by the agreed order was waived when she agreed to the order. Consequently, the order of the trial court is Affirmed.
 I {¶ 3} In October, 2004, when J.W. was about five months old, the CSB obtained an ex parte order of emergency custody, and filed a complaint in abuse and dependency. J.W is the son of Amanda Hopping and Jaden W., who were not married.
 {¶ 4} The event precipitating the CSB's actions involved unexplained fractures diagnosed after J.W. was brought to Greene Memorial Hospital for examination and treatment.
 {¶ 5} Brenda Borst, the appellant, is the surviving cohabiting partner of the adoptive mother of Jaden W., J.W.'s father. On February 2, 2005, Borst filed a motion for legal custody of J.W. In May, 2005, Rodney and Carla Barnett, the step-father and mother, respectively, of Amanda Hopping, J.W.'s mother, filed a motion for his custody.
 {¶ 6} In June, 2005, a dispute arose over discovery, with Borst causing subpoenas to be issued to the CSB and to J.W.'s medical providers, and with the CSB making an oral motion for a protective order. That dispute led to the filing, on July 12, 2005, of an Agreed Order Regarding Discovery of Medical and Children's Services Board Records. That order was signed by Borst's counsel, the magistrate, and the trial judge, with approvals reflected for Jaden W., the Barnetts, and the Assistant Prosecuting Attorney (who presumably represented CSB).
 {¶ 7} The July 12, 2005 Agreed Order, in its entirety, is as follows:
 {¶ 8} "This matter came before this court on the subpoenas issued by Brenda Borst requesting medical records from Children's Medical Center and a copy of the complete file from the Greene County Children's Services Bureau [sic], a motion to quash filed by Children's Medical Center, an oral request for a protective order made on behalf of Greene County Children's Services Bureau [sic], and the oral agreement of counsel regarding confidential records generally.
 {¶ 9} "The parties agree as follows:
 {¶ 10} "1. The Greene County Children's Services Board promptly will deliver to the court for in camera inspection their complete files which relate to [J.W.], including but not limited to all medical records and investigation notes;
 {¶ 11} "2. The Children's Medical Center promptly will deliver to the court for in camera inspection a complete copy of all their medical records, including but not limited to x-ray films and/or CD's, for [J.W.], date of birth _____;
 {¶ 12} "3. Dr. Thaddene Triplett, M.D., Star Pediatrics, 1659 W. Second St., Xenia, Ohio, promptly will deliver to the court for in camera inspection a complete copy of all her medical records, including but not limited to x-ray films and/or CD's, for [J.W.], date of birth _____;
 {¶ 13} "4. Greene Memorial Hospital, 1141 N. Monroe Dr., Xenia, Ohio, promptly will deliver to the court for in camera
inspection a complete copy of all their medical records, including but not limited to x-ray films and/or CD's, for [J.W.], date of birth _____;
 {¶ 14} "5. The court will selectively release records as it deems appropriate, balancing the confidential nature of the information with the need for the parties to evaluate all evidence relating to the best interests of the minor, and;
 {¶ 15} "6. The motions to quash are conditionally granted subject to the above terms and conditions.
 {¶ 16} "IT IS SO ORDERED, ADJUDGED AND DECREED."
 {¶ 17} It appears that documents were delivered to the trial court in accordance with the Agreed Order, and the magistrate decided to release certain medical records originating with the Children's Medical Center, but no other documents. Borst filed an objection to the magistrate's decision, contending that all of the records should have been released to her, pursuant to Juv. R. 24.
 {¶ 18} The trial court overruled Borst's objection by order filed November 22, 2005. From that order, Borst appeals.
 II {¶ 19} Borst's sole assignment of error is as follows:
 {¶ 20} "THE GREENE COUNTY JUVENILE COURT (`JUVENILE COURT') EITHER ABUSED ITS DISCRETION OR MISCONSTRUED THE LAW WHEN IT DENIED PARTIES ACCESS TO THE GREENE COUNTY CHILDREN SERVICES BOARD (`CSB') RECORDS REGARDING [J.W.]"
 {¶ 21} It appears that there was a legal dispute concerning the proper scope of discovery of the medical and other records pertaining to J.W. in the possession of the CSB and J.W.'s medical providers. This dispute was resolved by the Agreed Order of July 12, 2005. Because she agreed to this order, Borst may not now complain that it is contrary to law.
 {¶ 22} Under the terms of the Agreed Order, all documents in question were to be delivered to the trial court for in camera examination. It appears that this was done. The trial court then undertook to "selectively release records as it deems appropriate, balancing the confidential nature of the information with the need for the parties to evaluate all evidence relating to the best interests of the minor." It is arguable whether the Agreed Order reposed in the trial court the absolute, and therefore unreviewable, discretion to selectively release recordsas it deems appropriate, or whether the added phrase "balancing the confidential nature of the information with the need for the parties to evaluate all evidence relating to the best interests of the minor" places limits on the trial court's exercise of its discretion, which we may review.
 {¶ 23} Assuming, for purposes of analysis, that the trial court's discretion is limited by the additional phrase in the Agreed Order, there is nothing in the record to establish that the trial court abused its discretion in that regard. The trial court made certain records available to Borst, and not others, presumably balancing the interests as required. The documents that the trial court reviewed in camera have not been made part of our record, and there is nothing in our record from which we can determine that the trial court abused its discretion, assuming that its discretion was limited by the Agreed Order, so as to be reviewable on appeal.
 {¶ 24} Borrst's sole assignment of error is overruled.
 III {¶ 25} Borst's sole assignment of error having been overruled, the order of the trial court is Affirmed.
Brogan, Fain, and Donovan, JJ., concur.