OPINION
{¶ 1} This case arises from a custody dispute regarding an abused and dependent minor child. Appellant Brenda Borst, who seeks custody of the child, appeals from the decision of the Greene County Juvenile Court denying her request for access to records maintained by the Greene County Children's Services Board (CSB). Borst contends that the records are discoverable, and that the trial court abused its discretion by denying her request.
 {¶ 2} We initially rejected Borst's claim, and affirmed the order of the trial court, in a decision and judgment filed herein on July 21, 2006. Upon Borst's application to reconsider, however, we vacated our judgment of July 21st, ordered the records at issue made part the record on appeal, under seal, and restored this appeal to our docket. We took this action by order filed herein on August 29, 2006.
 {¶ 3} Now that we have reviewed the documents at issue, we conclude that the trial court erred with regard to one document contained within the CSB file. Accordingly, the order of the trial court is Reversed, in part, and this matter is Remanded for further proceedings in accordance with this opinion.
 I {¶ 4} During the course of the litigation regarding custody of J.W., a minor child, Brenda Borst attempted to gain access to records maintained by the CSB. CSB sought to prevent Borst from obtaining its records. Thereafter, the parties entered into an Agreed Order which provided, in pertinent part, as follows:
 {¶ 5} "1. The Greene County Children's Services Board promptly will deliver to the court for in camera inspection their complete files which relate to [J.W.], including but not limited to all medical records and investigation notes;
 {¶ 6} "2. The Children's Medical Center promptly will deliver to the court for in camera inspection a complete copy of all their medical records, including but not limited to x-ray films and/or CD's, for [J.W.], date of birth * * * * *;
 {¶ 7} "3. Dr. Thaddene Triplett, M.D., Star Pediatrics, 1659 W. Second St., Xenia, Ohio, promptly will deliver to the court for in camera inspection a complete copy of all her medical records, including but not limited to x-ray films and/or CD's, for [J.W.], date of birth * * * * *;
 {¶ 8} "4. Greene Memorial Hospital, 1141 N. Monroe Dr., Xenia, Ohio, promptly will deliver to the court for in camera
inspection a complete copy of all their medical records, including but not limited to x-ray films and/or CD's, for [J.W.], date of birth * * * * *;
 {¶ 9} "5. The court will selectively release records as it deems appropriate, balancing the confidential nature of the information with the need for the parties to evaluate all evidence relating to the best interests of the minor, and;
 {¶ 10} "6. The motions to quash are conditionally granted subject to the above terms and conditions.
 {¶ 11} "IT IS SO ORDERED, ADJUDGED AND DECREED."
 {¶ 12} The documents were delivered to the trial court. Following an in camera inspection of the records, the magistrate and the trial court determined that the CSB records were not subject to discovery on the basis that their confidential nature outweighed their relevance to the action. Following Borst's appeal, this court affirmed the decision of the trial court. See, In re: J.W., Greene App. No. 2005-CA-154,2006-Ohio-3753. Thereafter, Borst filed an application for reconsideration which was granted by Decision and Entry filed August 29, 2006. Borst also caused the record to be supplemented with copies of the CSB records, which have been provided to this court under seal of the trial court.
 II {¶ 13} Borst's sole assignment of error is as follows:
 {¶ 14} "THE GREENE COUNTY JUVENILE COURT (`JUVENILE COURT') EITHER ABUSED ITS DISCRETION OR MISCONSTRUED THE LAW WHEN IT DENIED PARTIES ACCESS TO THE GREENE COUNTY CHILDREN SERVICES BOARD (`CSB') RECORDS REGARDING [J.W.]"
 {¶ 15} Borst contends that the trial court abused its discretion by denying her request for access to the CSB records. She contends that the records are necessary because they will aid in a determination of whether the child's maternal step-grandparents, with whom CSB placed the child following removal from the home, can provide a safe, suitable home for the child. Borst argues that this determination is essential to the decision whether to grant custody to the maternal step-grandparents or to Borst.
 {¶ 16} Trial courts have broad discretion in regulating discovery and will not be reversed on appeal absent an abuse of that discretion. Hailey v. MedCorp, Inc., Lucas App. No. L-05-1238, 2006-Ohio-4804, ¶ 20. In this case, pursuant to the Agreed Order signed by the parties, the trial court was required to determine whether the confidential nature of the records was outweighed by their relevance to a determination of the best interest of the minor child. To this end, we agree with Borst that evidence directly bearing on the ability of the step-grandparents to provide a suitable, stable home to the minor has a probative value that outweighs the need for confidentiality.
 {¶ 17} We have reviewed the entire CSB file. From these records, we have culled one document that we conclude should have been provided to Borst. That document is arguably relevant to the question of whether the minor's step-grandparents are capable of providing for the child. The document has been returned under seal, along with the remainder of the CSB records, to the trial court. A label has been affixed, marked as "COA 1" on the reverse side of that document. The trial court is directed to make this document available for Borst to review. This document should not be released for review by anyone other than the parties hereto and their counsel.
 {¶ 18} We conclude that none of the other documents under seal have a probative value to issues in this litigation that justifies breaching the confidentiality otherwise pertaining to them.
 {¶ 19} Borst's sole assignment of error is sustained in part.
 III {¶ 20} Borst's sole assignment of error having been sustained in part, the order of the trial court is Reversed to the limited extent noted above, and this cause is Remanded for further proceedings consistent with this opinion.
Brogan, Fain, and Donovan, JJ., concur.